UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EGON LEWKUT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 09-cv-3695 |
| | § | |
| STRYKER CORPORATION, et. al, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Reconsideration and to Reinstate Case of Plaintiff Egon Lewkut ("Plaintiff") (Doc. No. 33). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion should be denied.

A detailed background of this case is set forth in the Court's previous Memorandum and Order (Doc. No. 29) ("April 2010 Order") and is incorporated herein. Plaintiff argues in his Motion that Defendant has recently, in another case, taken the inconsistent position that the acetabular shell is merely one of several different components utilized in a total hip replacement. Plaintiff maintains that the Court should therefore revisit its prior ruling.

### I.    LEGAL STANDARD

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments

1

which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, because Plaintiffs have filed this Motion within 28 days of this Court's judgment, it will be analyzed under Rule 59(e). *See* FED. R. CIV. P. 59 (e). A Rule 59(e) motion should not be granted unless the plaintiff can show: (1) an intervening change in controlling law; (2) the availability of new evidence previously not available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 437 (5th Cir. 2004) (citing cases). A court may grant a motion to reconsider on the basis of newly discovered evidence only if: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

## II.   ANALYSIS

In its April 2010 Order, this Court ruled that the acetabular shell component of Plaintiff's hip replacement was part of the Trident System that was approved via the PMA process. As such, Plaintiff's claims were federally preempted and the Court dismissed them. Plaintiff now avers that the Court should reconsider its ruling in light of

2

an allegedly inconsistent position taken by Defendant in another proceeding. More specifically, Plaintiff points to objections made by Defendant in response to discovery requests, in which Defendant argued that that plaintiff's surgery involved the implantation of several components, and that the plaintiff's complaint failed to specifically identify which of the seven components was allegedly defective and the cause of her injuries. (Pl. Mot., Doc. No. 33, at 6.) According to Plaintiff, this statement lends further support to his position that the acetabular shell is just one of several components used in Plaintiff's total hip replacement, and that this component was not approved through the PMA process.

The Court finds that Plaintiff has provided no factual nor legal arguments that persuade the Court to revisit its April 2010 Order. Primarily, Plaintiff offers no "new evidence" which calls into the question the underlying basis for this Court's previous ruling. The Court found in its Order that the acetabular shell had been approved through the PMA process and that state law claims alleging that the device was defective are thereby preempted by federal law. The Court examined both the public records available on the FDA website, which revealed that the acetabular shell was part of the Trident System that was PMA approved, as well as prior case law which consistently treated the acetabular shell, as used in the Trident System, as a PMA-approved medical device. Plaintiff's Motion challenges neither the factual nor the legal basis of this Court's holding.

Moreover, even if the Court were to treat Plaintiff's Motion as a Rule 59(e) request premised on the availability of new evidence, it is not persuaded that Defendant has, in fact, advocated an inconsistent position that supports Plaintiff's case. First, as

Defendant points out, its argument with respect to a discovery matter has little bearing upon its position as to whether Plaintiff's claims are federally preempted due to PMA approval. Second, and more importantly, this Court has never understood Defendant to contest the fact that the acetabular shell is indeed one of multiple components of the Trident System. The issue, instead, was whether this component was PMA-approved with the Trident System. That Defendant sought clarification in the context of a discovery dispute as to which of several components of a hip replacement system was being accused, therefore, is not facially inconsistent with the position that, because the acetebular shell was one component of the PMA-approved Trident system, it underwent the rigors of this FDA approval process. The Court does not, therefore, find that Defendant has taken an inconsistent position that supports Plaintiff's argument with respect to whether the acetabular shell was PMA-approved.

### III.    CONCLUSION

Because Plaintiff offers no new evidence that calls into questions this Court's previous ruling, the Motion to Reconsider (Doc. No. 33) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of June, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE